

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 8, 2017

**BY ECF**

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:     United States v. Luis Diaz, Jr., et al.,17 Cr. 077 (WHP)

Dear Judge Pauley:

The Government respectfully submits this letter in advance of tomorrow's charging conference and with respect to a portion its proposed Request Number 6.  Because, as set forth below, the Government now believes that its requested instruction is incorrect insofar as that instruction refers to the collection of a "fee" in its definition of a "money transmitting business," the Government attaches a revised version of its proposed Request Number 6 which it believes more correctly states the law.

As the Court is aware, the defendants are charged, in Count One, with conspiring to operate an unlicensed money transmitting business and, in Count Two, with the operation of such a business, in violation of Title 18, United States Code, Section 1960.  In brief, to establish a violation of Section 1960, the Government need establish that the defendant knowingly operated a money transmitting business without a license to do so from the state in which he or she operated or without registering with the U.S. Department of the Treasury.  *See* 18 U.S.C. § 1960(a).  The statute defines "money transmitting" as "transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier."  *Id.* § (b)(2).  The statute defines a "money transmitting business" simply as any business engaged in money transmitting "which affects interstate or foreign commerce in any manner or degree."  *Id.* § (b)(2).  The statute thus imposes no requirement that the money transmission be done for a "fee."

Similarly, neither the state of Florida, from whom the defendants are accused of failing to obtain a license, nor FinCEN, with whom the defendants are accused of failing to register, include any such requirement in their definition of "money transmitting businesses."  Florida law defines a money transmitting business as

[A] corporation, limited liability company, limited liability partnership, or foreign entity qualified to do business in this state which receives currency, monetary

value, or payment instruments for the purpose of transmitting the same by any means, including transmission by wire, facsimile, electronic transfer, courier, the Internet, or through bill payment services or other businesses that facilitate such transfer within this country, or to or from this country.

Florida Stat. Chap. 560.103(19).  As noted, the failure of such an entity to obtain a license from the State of Florida gives rise to the Section 1960 charge here.  FinCEN similarly defines money transmission as "the acceptance of currency, funds, or other value that substitutes for currency from one person and the transmission of currency, funds, or other value that substitutes for currency to another location or person by any means."  31 C.F.R. § 1010.100 (ff)(5).   The failure of an entity engaged in such conduct to register with FinCEN is an alternative method providing a violation of Section 1960.

The language in the Government's initial instruction comes instead from *United States* v. *Velastegui*, 199 F.3d 590, 592 (2d Cir. 1999), where the Second Circuit – in language having nothing to do with any legal issue in dispute in the case but instead appears in the "background" section of the opinion – observed that a money transmitting business operates "for a fee paid by the customer."  *Id.*  More recently, however, the Second Circuit, has defined the term "money transmitting business" in a manner more in concert with the statute, as "an enterprise that is carried on for profit or financial gain."  *United States* v. *Banki*, 685 F.3d 99, 114 (2d Cir. 2012), as amended (Feb. 22, 2012).[1]

---

[1] In *Banki*, the Second Circuit found that the district court's failure to instruct the jury on the meaning of the term "business" under section 1960 was error.  Critically, however, the Second Circuit found that the error was in the district court's failure to instruct the jury that "a single, isolated transmission of money" could not constitute a business – not its failure to require a jury finding of a "fee."  *Id*

Given, thus, that neither the statute the defendants are accused of violating, nor either the state of Florida or FinCEN, with whom the defendants are accused of failing to obtain a license or register, respectively, defines the term "money transmitting business" to include the requirement that the business charge "a fee," the Government believes that inclusion of such language and/or such a requirement in the jury instruction would be in error. An alternative proposed instruction – which also includes the defendants' original proposed instruction in the format used by the parties in their October 20 joint submission – is attached hereto.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney for the
Southern District of New York

By:  _____/s/_____
Edward B. Diskant
Daniel M. Tracer
Benet J. Kearney
Assistant United States Attorneys
(212) 637-2294/2329/2260

Cc (by ECF):  All Counsel of Record

3