**REQUEST NO. 6.**

**Count One: First Element - Object of the Conspiracy Operation of an Unlicensed Money Transmitting Business**

As I have just described, the prosecution must prove beyond a reasonable doubt that the defendant you are considering and at least one other alleged conspirator came to a [**mutual understanding**] [agreement], either spoken or unspoken, to accomplish [**or try to accomplish**] a particular illegal goal or objective. This is what the law refers to as the "object" of the conspiracy, and the conspiracy alleged in Count One has, as its object, the operation of an unlicensed money transmitting business and specifically, the operation of an unlicensed money transmitting business through the defendant's company, Miami Equipment.  Accordingly, with respect to each defendant you are considering, you must find that he and at least one other alleged conspirator came to a [**mutual understanding**] [agreement], either spoken or unspoken, to operate an unlicensed money transmitting business.

"Operate" in this context means conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business. The Government need not prove that the defendant you are considering in fact actually operated an unlicensed transmitting business, only that he intentionally joined a conspiracy knowing that the object of the conspiracy was to conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business.

Let me now instruct you on the meaning of the phrase operation of an unlicensed money transmission business.

<u>Money Transmitting Business</u>

A "money transmitting business" is a business which [**engages in money transmitting**] [, for a fee, accepts funds for transfer within or outside the United States].  The term "money

transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier.

A "business" is [**an**] [a commercial] enterprise that is [regularly] carried on for profit [**or financial gain**].  Thus, a single isolated transmission of money is not a business under this definition. However, a business need not have a physical storefront, be formally incorporated, or otherwise operate in a conventional manner in order to be a money transmitting business. There is also no requirement under the law that the business exist solely for the purpose of engaging in money transmitting.

"Unlicensed"

[**The money transmitting business must also be unlicensed. If you find that the defendant you are considering operated a money transmitting business, then I am instructing you as a matter of law that they were required to obtain a license from the state of Florida and to register with the U.S. Department of the Treasury. It is for you to determine whether the money transmitting business was licensed.  However, you only need to find either that it was not licensed with the State of Florida, or that it was not registered with the US Department of Treasury.  These are alternative ways of satisfying this requirement.**[1]**

Finally, you do not need to find that the defendant you are considering – or any other member of the conspiracy – was aware that either state or federal law required that**

---

[1] *See* Modern Federal Jury Instructions, Instr. 50A-34 cmt. ("[T]he question whether a license is required and whether the failure to obtain such a license is criminally punishable are preliminary questions of law for the court. Thus, the recommended instruction asks the jury to determine whether the business was licensed, but not whether a license was required.")

**the money transmitting business be licensed or registered, respectively.  In other words, the government does not need to prove that the defendant knew the unlicensed money transmission business was illegal.  It is sufficient for you to find that the defendant you are considering knew that the business was operating without a license or without registering**.][2]

[To satisfy this requirement, the money transmitting business must be unlicensed. I instruct you that under the laws of the state of Florida, a business which engages in money transmitting must be licensed by the state.  Also, a money transmitting business is required under federal law to register with the U.S. Department of Treasury. You only need to find one, not both, of these alternative ways to satisfy this particular requirement. It is for you to determine whether the money transmitting business was licensed as required.

To satisfy this requirement, the government must prove that defendant knew the business was unlicensed. However, the government does not have to prove the defendant knew that state law or Federal law required the business to be licensed.]

---

[2] *United States* v. *Elfgeeh*, 515 F.3d 100, 132-33 (2d Cir. 2008) (holding that the Government now "need prove only that the defendant had 'know[ledge]' that the business was 'an unlicensed money transmitting business.'" (quoting 18 U.S.C. § 1960(a), as amended)).