UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                               :
UNITED STATES OF AMERICA                    PRELIMINARY ORDER OF FORFEITURE
                                           :  AS TO SPECIFIC PROPERTY/ MONEY
          -v.-                                JUDGMENT
                                           :

LUIS JAVIER DIAZ,
                                           :  17 Cr. 77 (WHP)
                    Defendant.
                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

        WHEREAS, on or about January 31, 2017, LUIS JAVIER DIAZ, (the "defendant"), and another, was charged in a four-count Indictment 17 Cr. 77 (WHP) (the "Indictment") with conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count One); operating an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960 and 2 (Count Two); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); and international money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Count Four)

        WHEREAS, the Indictment included a forfeiture allegation with respect to Counts One through Four seeking, pursuant to Title 18, United States Code, Section 982(a) (1), of any and all property, real and personal, involved in the alleged offenses alleged in Counts One through Four of the Indictment, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the alleged offenses, and $367,769.35 in United States currency formerly on deposit at Branch Banking and Trust in account number 1100000926033, (the "Specific Property");

WHEREAS, on or about November 15, 2017, the defendant was found guilty following a jury trial, as to Counts Two and Four of the Indictment;

WHEREAS, the Government asserts that $101,346,285.42 in United States currency represents the property involved in the offenses alleged in Counts Two and Four of the Indictment;

WHEREAS, the Government asserts that the Specific Property is property involved in the offenses alleged in Counts Two and Four of the Indictment;

WHEREAS, the Government seeks the forfeiture of (i) a sum of money in the amount of $101,346,285.42 in United States currency, representing property involved in the offenses alleged in Counts One though Four of the Indictment; and (ii) all the defendant's right, title and interest in the Specific Property as property involved in the offenses alleged in Counts Two and Four of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of their interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    As a result of the offenses alleged in Counts Two and Four of the Indictment, to which the defendant was found guilty, a money judgment in the amount of $101,346,285.42 in United States currency (the "Money Judgment") shall be entered against the defendant.

2

2.      As a result of the offense charged in Counts Two and Four of the Indictment, to which the defendant was found guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. Upon the entry of a Final Order of Forfeiture forfeiting the Specific Property to the United States, the Specific Property shall be applied towards the satisfaction of the Money Judgment.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, this Order is final as to the defendant, LUIS JAVIER DIAZ, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4.      Upon execution of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      The defendant shall not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so.

6.      The defendant shall take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the execution of all necessary documentation.

7.      The United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

9.      Pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.   This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.   Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

4

11.     The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property, as a substitute for published notice as to those persons so notified.

12.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Title 18, United States Code, Section 982(b)(1), in which all interests will be addressed.

13.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment shall be final against the defendant, LUIS JAVIER DIAZ, shall be made part of the sentence of the defendant, LUIS JAVIER DIAZ and shall be included in the judgment of conviction therewith.

14.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment the Office is authorized to conduct any discovery needed to identify, locate or dispose of property Specific to forfeiture, including depositions, interrogatories, requests for production of documents and subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

15.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall   indicate the defendant's name and case number and the United States

Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

16.    The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment.

17.    The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       June __, 2018

SO ORDERED:

_____
HONORABLE WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE

6