UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA : CONSENT PRELIMINARY ORDER OF
: FORFEITURE AS TO SPECIFIC
-v.- PROPERTY/ MONEY JUDGMENT
:
LUIS DIAZ, JR.,
: 17 Cr. 77 (WHP)
Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about January 31, 2017, LUIS DIAZ, JR., (the "defendant"), and Luis Javier Diaz, were charged in a four-count Indictment 17 Cr. 77 (WHP) (the "Indictment") with conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count One); operating an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960 and 2 (Count Two); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); and international money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation with respect to Counts One through Four seeking, pursuant to Title 18, United States Code, Section 982(a) (1), forfeiture of any and all property, real and personal, involved in the alleged offenses alleged in Counts One through Four of the Indictment, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the alleged offenses, and $367,769.35 in United States currency formerly on deposit at Branch Banking and Trust in account number 1100000926033;

WHEREAS, $367,769.35 in United States currency was seized, as property involved in the offenses alleged in Counts One through Four of the Indictment, pursuant to a seizure warrant, from Branch Banking and Trust in account number 1100000926033 (the "6033 Account") held in the name of Miami Equipment and Export, Co., Inc. ("Miami Equipment") (the "Seized Funds");

WHEREAS, on or about March 12, 2018, the Drug Enforcement Administration (the "DEA") seized an additional $11,657.94 in United States currency, as property involved in the offenses alleged in Counts One through Four of the Indictment, from the 6033 Account (the "Additional Funds") held in the name of Miami Equipment and subsequently commenced administrative forfeiture proceedings;

WHEREAS, Miami Equipment has asserted a claim of interest in the Additional Funds;

WHEREAS, on or about November 15, 2017, the defendant was found guilty following a jury trial, as to Counts One through Four of the Indictment;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $101,346,285.42 in United States currency representing the property involved in the offenses alleged in Counts One through Four of the Indictment (the "Money Judgment");

WHEREAS, the defendant further consents to the forfeiture of all right title and interest in the Seized Funds and the Additional Funds (collectively, the "Specific Property");

WHEREAS, the Defendant has agreed, by and through his counsel Christine H. Chung, Esq., to make a payment on or before 44 months from the entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment in the amount of one million thirteen

thousand four hundred and sixty-two dollars and eighty-five cents ($1,013,462.85) in United States currency to the Government (the "Payment Amount");

WHEREAS, the Government has agreed to accept the Payment Amount in full satisfaction of the Money Judgment;

WHEREAS, the defendant represents and warrants that he has authority to execute this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment on behalf of Miami Equipment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of their interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys Daniel Tracer, Benet Kearney, and Edward Diskant, of counsel, the defendant, and his counsel, Christine H. Chung, Esq., and Miami Equipment, that:

1. As a result of the offenses alleged in Counts One though Four of the Indictment, to which the defendant was found guilty, a money judgment in the amount of $101,346,285.42 in United States currency shall be entered against the defendant.

2. As a result of the offenses charged in Counts One though Four of the Indictment, of which the defendant was found guilty, all of the defendant's right, title, and interest

3

in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Upon the entry of a Final Order of Forfeiture forfeiting the Specific Property to the United States, the Specific Property, including any accrued interest, shall be applied towards partial satisfaction of the Payment Amount and the Money Judgment.

4. The defendant shall make the Payment Amount to the Government on or before 44 months from the entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment. During the 44 month period following entry of this Consent Preliminary Order of Forfeiture, the Government agrees to not undertake any collection efforts with respect to the Money Judgment, other than steps necessary to pass clear title to the Specific Property.

5. The Payment Amount shall be a joint obligation with co-defendant, Luis Javier Diaz, and any payment received from or on behalf of Luis Javier Diaz shall be applied towards the defendant's Payment Amount obligation.

6. Upon the Government's receipt of the Payment Amount, the entire amount of the Money Judgment shall be fully satisfied.

7. Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment. and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

4

8. Neither the defendant nor Miami Equipment shall file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property, including any accrued interest, and will not cause or assist anyone else in doing so.

9. The defendant and Miami Equipment shall take all necessary steps to pass clear title to the Specific Property, including any accrued interest, to the United States, including, but not limited to, the execution of all necessary documentation.

10. The United States (or its designee) is hereby authorized to take possession of the Specific Property, including any accrued interest, and to hold such property in its secure custody and control.

11. Pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

12. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and

extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

13. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property, as a substitute for published notice as to those persons so notified.

14. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Title 18, United States Code, Section 982(b)(1), in which all interests will be addressed

15. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment shall be final against the defendant LUIS DIAZ, JR., shall be made part of the sentence of the defendant LUIS DIAZ, JR., and shall be included in the judgment of conviction therewith.

16. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, in the event the Payment Amount has not been made after the expiration of 44 months following entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the Office is authorized to conduct any discovery needed to identify, locate or dispose of property subject to forfeiture, including depositions, interrogatories, requests for production of documents and subpoenas.

17. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number and the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

18. The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment.

19. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

20. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. A facsimile or electronic image of the original signature of any party executing this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

AGREED AND CONSENTED TO:
GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____          6/27/18
    Daniel Tracer                              DATE
    Benet Kearney
    Edward Diskant
    Assistant United States Attorneys
    One Saint Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2329/2260/2294

8

LUIS DIAZ, JR.,
DEFENDANT

By: _____     June 27-2018
       LUIS DIAZ, JR.                                    DATE

By: _____     June 27, 2018
       Christine H. Chung, Esq.                  DATE
       *(Counsel for the Defendant)*
       1290 Avenue of the Americas
       New York, New York 10104
       Tel.: (212) 390-9009

MIAMI EQUIPMENT AND EXPORT CO, INC.

By: _____     June 27-2018
       LUIS DIAZ, JR.                                    DATE
       President, Miami Equipment and
       Export Co., Inc.
       8336 NW 30 Terrace
       Doral, Florida 33122

SO ORDERED:

_____           7/9/18
HONORABLE WILLIAM H. PAULEY III    DATE
UNITED STATES DISTRICT JUDGE

9